CASE 76—BASTARDS—JANUARY 15, 1885.

## Porchet's Adm'x v. Scherzer.

### APPEAL FROM CAMPBELL CHANCERY COURT.

A woman who had a bastard child married John L. Porchet, the reputed father of appellee. Mrs. Porchet died, her husband surviving.

*Held*—John L. Porchet, as survivor of his wife, was entitled to her personal estate absolutely, against her legitimate child (if she had one); and took it all, against her bastard child.

NELSON & WASHINGTON FOR APPELLANT.

1. The statute provides that the husband shall take the whole surplus of a deceased wife's personal estate. A bastard child can not inherit any of his mother's estate, as against the lawful husband.
2. There is no proof of any gift whatever. (3 Bush, 248; Littell, 12; 4 Met., 98; 4 B. Mon., 537-8; 13 *Ib.*, 637; 14 *Ib.*, 70; *Ib.*, 208; Gen. Stat., chapter 31, section 11; 2 Kent's Comm., 487; 1 Parson's Const., 234; 1 Greenleaf Ev., section 113; Story, Agency, section 134; 8 Bing., 451; 1 Dyer, 49; 37 Ala., 295.)

ROBERT STROSSMUSTER AND E. W. HAWKINS FOR APPELLEE.

No brief in the record.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

Appellee, born in Germany and now residing there, is the illegitimate son of Margaret Scherzer, who subsequently came to this country and married John L. Porchet, the reputed father of appellee. Porchet and wife, by joint exertion, accumulated considerable estate, $2,700 of which they loaned on mortgage, taking notes payable to Mrs. Porchet. Mrs. Porchet died, leaving no children by the marriage; administration was had, the mortgage lien enforced by sale of the property for the amount of the debt, and John L. Porchet became the purchaser.

Porchet again married, executed a will giving all his property to his wife and died, his wife surviving. Appellee brought this action, claiming, as heir of his mother, the $2,700 referred to. The court below adjudged that appellee was entitled, as the heir of his mother, to the sum sued for, and from that judgment this appeal is taken.

The court below appears to have based the judgment upon sections 4 and 5, of chapter 31, General Statutes. The fourth section provides that: "In making title by descent, it shall be no bar to a party that any ancestor, through whom he derives his descent from the intestate, is or has been an alien."

Section 5 is: "Bastards shall be capable of inheriting and transmitting an inheritance on the part of or to the mother; and bastards of the same mother shall be capable of inheriting and transmitting an inheritance on the part of each other, as if such bastards were born in lawful wedlock of the same parents."

This court has construed the fifth section to apply to

inheritance in a direct line, ascending or descending, but as not applying to descent and distribution in collateral branches. As applicable to the question presented here, it is manifest that the section applies, if there is any property to which it can attach, but, as we conceive, there is no such property.

We understand that the statute, which is a departure from the common law, was intended, under the limitation suggested as to inheritance in the direct ascending or descending line, to place the illegitimate child in the same relation to the property of the mother as if the child had been born in lawful wedlock. It was not designed to give the bastard a right of inheritance denied to a legitimate child.

If the mother owned real estate or other property in her own right, which would descend to a legitimate child, the bastard would take in the same way, but the property sought to be recovered here is not of that character.

Third subsection of section 11, of chapter 31, General Statutes, provides that "a husband shall have the whole surplus of a deceased wife's personal estate." The money sought to be recovered is personal estate, and passed, on the death of Mrs. Porchet, under this statute, to her husband.

A legitimate child could assert no claim as against the father, and certainly it was not intended to give a better right to a bastard.

It is suggested by counsel for appellee that, as this court has held, following the civil law instead of the common law, that the subsequent marriage of the parents, with recognition of the paternity of the child,

removes the ban of illegitimacy, appellee is entitled by inheritance through the father. To this there are two answers:

*First.* There is no evidence of recognition of the paternity of the child by the parents.

*Second.* If there was, the will of John L. Porchet, giving his property to his wife, left nothing to descend to his heirs.

As to the suggestion of counsel that appellee is entitled to this specific sum of money, as a gift by the parents during their lifetime, it is sufficient to say that there is no evidence to sustain a gift *inter vivos*

Judgment reversed and cause remanded with direction to dismiss the petition.